IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN COLLOPY, Individually and as Independent Administrator of the Estate of SUSAN COLLOPY, Deceased, and MELISSA COMPEAN, Individually and as Mother and Next Friend of BRAYDEN FINDLEY, a Minor, <br><br> Plaintiffs, <br><br> STATE FARM FIRE AND CASUALTY COMPANY, a/s/o John Collopy, <br><br> Intervening Plaintiff, <br><br> vs. <br><br> PETSMART HOME OFFICE, INC., PETSMART, LLC, PETSMART DISTRIBUTION, INC., PACIFIC COAST DISTRIBUTING, INC., SHENZHEN XING RISHENG INDUSTRIAL CO., LTD., DONG GUAN ETAN INDUSTRIAL & INVESTMENT CO., LTD., DONG GUAN ETAN PET SUPPLIES CO., LTD., SHENZHEN CUCO SMART TECHNOLOGY CO, LTD., <br><br> Defendants. | No. 24-cv-11594 <br><br> Judge Jeffrey I. Cummings |

## MEMORANDUM OPINION AND ORDER

Plaintiffs John Collopy, Individually and as Independent Administrator of the Estate of Susan Collopy, Melissa Compean, Individually and as Next Friend of Brendan Findley, a Minor, and intervening plaintiff State Farm Fire and Casualty, Co., bring this products liability and wrongful death action against defendants PetSmart Home Office, Inc., PetSmart, LLC, PetSmart Distribution, Inc., Pacific Coast Distributing, Inc., Shenzhen Xing Risheng Industrial Co., LTD.,

Dong Guan Etan Industrial & Investment Co., LTD., and Dongguan Etan Pet Supplies Co., LTD.[1] Plaintiffs' claims arise out the unfortunate death of Susan Collopy and the injuries to her husband, daughter, and grandson that resulted from a house fire that plaintiffs alleged was caused by either a reptile terrarium dome light purchased at PetSmart or a power strip purchased from Amazon.

Defendants Dong Guan Etan Industrial & Investment Co. and Dongguan Etan Pet Supplies Co. (collectively, the "Dong Guan defendants") filed a notice of removal of this action from the Circuit Court of Cook County on November 11, 2024. Plaintiffs thereafter filed a motion to remand, which has been fully briefed by the parties. For the reasons set forth below, plaintiffs' motion to remand, (Dckt. 24), is granted and the Court remands this case to the Circuit Court of Cook County.

I.  BACKGROUND

On November 29, 2021, a fire broke out in plaintiffs' home leading to the death of Susan Collopy and causing serious injuries to her husband, daughter, and minor grandson. Intervening plaintiff State Farm Fire and Casualty ("State Farm") investigated the fire, which included conducting inspections of items taken from the home, such as the reptile terrarium light purchased from PetSmart.

On May 25, 2022, John Collopy filed his initial complaint at law in the Circuit Court of Cook County against defendants PetSmart Home Office, Inc., PetSmart, LLC, PetSmart Distribution, Inc., and Pacific Coast Distributing, Inc. (collectively, the "PetSmart defendants") alleging strict and negligent product liability. (Dckt. #39-4). Ultimately, John was granted leave to file multiple amended complaints to add additional plaintiffs, defendants, and claims.

---

[1] Shenzhen Cuco Smart Technology Co., LTD. is also a defendant in the operative pleading, but plaintiffs and Shenzhen Cuco recently reached a settlement. (Dckt. #42).

Specifically, and relevant here, plaintiffs added defendant Commonwealth Edison Company ("ComEd"), among other defendants, in their first amended complaint on August 1, 2022. (Dckt. #48-6). Later, on November 22, 2023, plaintiffs filed a third amended complaint, which added the Dong Guan defendants, Shenzhen Xing Risheng Industrial Co., Ltd., and Shenzhen Cuco Smart Technology Co., Ltd., all Chinese entities. (Dckt. #48-46). Plaintiffs filed a fourth amended complaint – which was substantively similar to the third – on January 31, 2024. (Dckt. #1-2).

Defendant Shenzhen Xing Risheng Industrial Co. ("SXRI") was served in accordance with the Hague Convention on September 24, 2024. The Dong Guan defendants were served through the Hague Convention on October 12, 2024. On November 6, 2024, the Circuit Court of Cook County granted defendant ComEd's motion for good faith finding and dismissal order finding that the "settlement between the plaintiffs and ComEd was/is in good faith." (Dckt. #1-6). Accordingly, the Court dismissed plaintiffs' claims against ComEd with prejudice, retained jurisdiction to enforce the terms of the settlement, and continued plaintiffs' action against the remanding defendants. (*Id*.).

On November 11, 2024, the Dong Guan defendants filed a notice of removal to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446. (Dckt. #1-1). In their notice of removal, the Dong Guan defendants maintain that: (1) the dismissal of ComEd resulted in complete diversity pursuant to 28 U.S.C. §1322 between plaintiffs and the remaining defendants; (2) the notice of removal was filed within thirty days of the date the Dong Guan defendants were served with the fourth amended complaint; (3) all defendants that had been served, i.e., the PetSmart defendants and Shenzhen Cuco Smart, consented in writing to the removal; and (4) defendant "Shenzhen

3

Xing Risheng Industrial Co., Ltd is yet to be properly served, and as such consent is not required from this entity." (Dckt. #1-1). Plaintiffs then filed their motion to remand.

## II. LEGAL STANDARD

Removal is governed by 28 U.S.C. §1441, which provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). "The party seeking removal bears the burden of proving the propriety of removal [and] doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013); *see also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) ("[F]ederal courts should interpret the removal statute narrowly").

Plaintiffs may challenge a removal by filing a motion to remand the case back to the state court. "Remand to state court is appropriate for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." *Brown v. Santander Consumer USA Inc.*, No. 3:24-CV-00665-NJR, 2025 WL 455373, at *2 (S.D.Ill. Feb. 11, 2025) (citing 28 U.S.C. §§1446, 1447(c), and *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 625–26 (7th Cir. 2013)).

## III. ANALYSIS

In their motion to remand, plaintiffs do not dispute that the Court has diversity jurisdiction over this matter under 28 U.S.C. §1332. Rather, plaintiffs maintain that the Dong Guan defendants' removal was defective because, *inter alia*, defendant SXRI – which had been properly served under the Hague Convention at the time the Dong Guan defendants filed the notice of removal – did not consent to the removal in writing as required by 28 U.S.C.

4

§1446(b)(2)(A). In response, the Dong Guan defendants concede that SXRI did not execute a written consent to removal but nonetheless argue that SXRI's consent was not required because the Dong Guan defendants did not *know* that SXRI had been served. The Court disagrees because whether the Dong Guan defendants knew that SXRI had been served is irrelevant on the record before the Court.

### A. The Dong Guan defendants' removal was defective because defendant SXRI did not consent to the removal in writing.

Under 28 U.S.C. §1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A). In the Seventh Circuit, to "join" a motion is to support it in writing. *Gossmeyer v. McDonald*, 128 F.3d 481, 489 (7th Cir. 1997). Accordingly, "all served defendants . . . have to support [the removal] in writing, i.e., sign it." *Id*. "The defendant seeking removal must secure consent to removal from all of the other properly joined and served defendants within the thirty-day period removal is permitted," and a "defendant's failure to include other defendants' consent may only be cured *within* the 30-day time period." *Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17 C 5568, 2017 WL 4423409, at *3 (N.D.Ill. Oct. 4, 2017) (cleaned up). As such, "[t]he failure of even one served defendant to timely consent to removal *in writing* renders a Notice of Removal procedurally defective and the case subject to remand." *Kohlmiller, et al. v. Consumer Law Protection, et al.*, No. 21-CV-865-SMY, 2021 WL 3886638, at *1 (S.D.Ill. Aug. 31, 2021) (cleaned up).

Here, it is undisputed that: (1) defendant SXRI was served through the Hague Convention on September 24, 2024; (2) did not sign the notice of removal filed by the Dong Guan defendants on November 11, 2024; and (3) did not consent to the removal in writing within thirty days of

5

the date the notice of removal was filed.[2]  As such, the notice of removal is defective because it does not include the written consent of all served defendants and remand is required.  *See, e.g., N. Indiana Pub. Serv. Co. LLC v. Energy Grp. Inc.*, No. 2:24-CV-00229-GSL-JEM, 2025 WL 399471, at *3 (N.D.Ind. Feb. 5, 2025) ("Because the notice of removal was defective and was not cured in a timely manner, the Court concludes that remand is appropriate in this case."); *Schniebs v. Set Carriers, Inc.*, No. 23-CV-2918, 2023 WL 12037957, at *3 (N.D.Ill. July 24, 2023) ("[T]his case must be remanded because removing defendant has not shown that [defendant] consented in writing within the 30-day removal window."); *Tillman v. CVS Pharmacy, Inc.*, No. 19 C 5219, 2019 WL 4934700, at *2-3 (N.D.Ill. Oct. 7, 2019) (same).

In reaching this conclusion, the Court easily distinguishes this case from *Tidwell v. Trotter*, No. 24-CV-01645-SPM, 2024 WL 4692202 (S.D.Ill. Nov. 6, 2024) and *Gray v. Walgreens Boots All., Inc.*, No. 23 CV 11441, 2024 WL 2863332 (N.D.Ill. June 6, 2024), relied on by the Dong Guan defendants.  In each of those cases, removal was proper without written consent of all defendants only because the non-consenting defendants had not yet been served.  *See Tidwell*, 2024 WL 4692202, at *2 ("Because [plaintiff] has not accomplished proper service of process on the other individual defendants, and still has not as of the date of this order, [defendant] did not need their consent before removing the case."); *Gray*, 2024 WL 2863332, at *5 ("[Plaintiff] . . . did not accomplish proper service of process on the individual defendants, and still has not as of the date of this order.  As none of the individual defendants have been served, Walgreens did not need their consent before removing the case.").  Here, in contrast, although the Dong Guan defendants argue that "there is still no filing of Proof of Service in this case or the original state court matter, other than what was filed as an exhibit" to the motion to

---

[2] Indeed, to the Court's knowledge, SXRI has never consented in writing to the removal of this case from Illinois state court.

remand, (Dckt. #39 at 14), they do not genuinely dispute that plaintiffs properly effectuated service upon SXRI pursuant to the Hague Convention in September 2024.

Moreover, the Dong Guan defendants' defective removal is not cured by the fact that the defendants *believed* that SXRI had not yet been served at the time they removed this case because no notice of service had been filed in the state court docket. *Long v. John Crane, Inc.*, No. 23-CV-1152-JPG, 2023 WL 4558513, at *5 (S.D.Ill. July 17, 2023) ("[N]o authority suggests the failure to file proof of service in the court file excuses the obligation to obtain a served party's consent to removal."). Indeed, as plaintiffs note, courts require removing parties to be "reasonably diligent" in determining the status of service on co-defendants. *Tillman*, 2019 WL 4934700, at *2. Reasonable diligence often requires more than "simply checking the state court docket," *New CFH, LLC v. Horizon Gen. Contractors, Inc.*, No. 1:22-CV-181-SA-DAS, 2023 WL 4235535, at *6 (N.D.Miss. June 28, 2023), and courts in this District have found a *lack* of reasonable diligence where there is no indication the removing party attempted to contact the co-defendant to opine as to the status of service. *See Tillman*, 2019 WL 4934700, at *2 ("ProCare could have obtained this information if it had exercised reasonable diligence . . . For example, ProCare could have phoned UPS to ask whether they were served."); *Pianovski v. Laurel Motors, Inc*., 924 F.Supp. 86, 87 (N.D.Ill. 1996) ("A phone call to the Clerk and an instruction to a docketing employee are insufficient to demonstrate diligence. Laurel should have taken further action to determine whether Chase had been served, such as attempting to contact Chase.").

Here, the Dong Guan defendants provide no evidence that they attempted to contact SXRI directly to determine whether it had been served before filing the notice of removal. Having failed to engage in reasonable diligence to determine whether SXRI had been served,

7

there is no basis to excuse the Dong Guan defendants' defective notice of removal.[3] As such, remand to the Circuit Court of Cook County is required and the Court need not address plaintiffs' additional arguments in support of remand.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand, (Dckt. #24), is granted and this case is remanded to the Circuit Court of Cook County. Accordingly, defendants' motion to dismiss, (Dckt. #7), is denied without prejudice to its renewal in state court.

**DATE: June 17, 2025**

_____
**Jeffrey I. Cummings**
**United States District Court Judge**

---

[3] In reaching this conclusion, the Court rejects the Dong Guan defendants' position that plaintiffs' counsel acted in bad faith by refusing to respond to defense counsel's e-mail requests as to whether SXRI had been served. As plaintiffs note, a closer look at those e-mails reveals that defense counsel initially asked plaintiffs' counsel about the status of service on the *Dong Guan defendants* and not SXRI, and then sent a follow up regarding service in the same chain. (See Dckt. #39-5 ("[W]e have been retained by AIG to defend Dong Guan Etan Industrial & Investment Co, Ltd and Dongguan Etan Pet Supplies Co, Ltd. It is our understanding that neither entity has been served. Please confirm.")). In any event, defendants' attempt to place the burden of reasonable diligence on plaintiffs is improper. *See Tillman*, 2019 WL 4934700, at *2 ("We reject ProCare's argument that Tillman 'unfairly prejudiced [ProCare] from receiving notice of service of summons' because ProCare could have obtained this information if it had exercised reasonable diligence.").